# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-340 (MJD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Dawn Marie Marcks (1), and<br>Stephany Marie Wilde (2), | |
| Defendants. | |

Nathan Hoye Nelson, Assistant United States Attorney, counsel for Plaintiff.

Aaron J. Morrison, Wold Morrison Law, counsel for Defendant Dawn Marie Marcks.

Lisa M. Lopez, Federal Public Defender, counsel for Defendant Stephany Marie Wilde.

This matter is before the Court on Defendants' pretrial motions. Based on the file and documents contained therein, the Court makes the following Order:

**1.     Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendants pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendants plan to rely upon the defense of insanity or introduce expert testimony

relating to a mental disease or defect or any other mental condition of the Defendants bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3 if Defendants intend to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendants have filed no objection to the motion. Therefore, Defendants are hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 **(Doc. No. 21)** is **GRANTED**.

    **2.**    **Defendant Marcks's Motion to Compel Attorney for Government to Immediately Disclose *Brady* and *Giglio* Evidence.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government agrees to provide any exculpatory information as it comes to light, to the extent required by *Brady*, *Giglio*, and their progeny.

    Defendant Marcks's Motion to Compel Attorney for Government to Immediately Disclose *Brady* and *Giglio* Evidence **(Doc. No. 22)** is **GRANTED** to the extent that the Government must continue to comply with its disclosure obligations under *Brady*, *Giglio*, and their progeny. Within 10 days of the date of this order the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order, and must promptly supplement its disclosure upon receipt of any

additional *Brady* and *Giglio* information not previously disclosed.

   **3.**  **Defendant Marcks's Motion for Discovery Pursuant to Fed. R. Crim. P. 16.** Defendant seeks an order, pursuant to Rules 12 and 16, requiring the Government to disclose or continue to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statements made by Defendant, and Defendant's prior record. In addition, Defendant asks for permission to inspect and/or copy certain objects, including photographs, which are material to the preparation of his defense or are intended for use by the Government in its case-in-chief, and the results of any physical or mental examinations, and of scientific tests or experiments. Defendant also requests a written summary of all testimony the Government intends to introduce pursuant to Federal Rules of Evidence 702, 703, or 705. The Government represents that it will comply with its obligations under the rules. The Government further observes that the identities of its experts have yet to be determined, and that additional forensic testing is still ongoing, and requests that the Court order that all Rule 16(a)(1)(F) and (G) disclosures be made no later than three weeks before trial.

  Defendant Marcks's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 (**Doc. No. 23**) is **GRANTED** to the extent that the motion conforms to the scope of Rule 16. All Rule 16(a)(1)(F) and (G) disclosures shall be made no later than three weeks before trial.

   **4.**  **Defendant Marcks's Motion for Disclosure of Rule 404(B) Evidence.** Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence

3

the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than three weeks prior to trial, to the extent it has not already been disclosed. Defendant Marcks's Motion for Disclosure of Rule 404(B) Evidence **(Doc. No. 24)** is **GRANTED** to the extent that the Government must disclose any evidence subject to Fed. R. Evid. 404(b) at least three weeks before trial.

5. **Defendant Marcks's Motion to Retain Agents' Notes.** Defendant moves for an order requiring any agent, including any confidential reliable informant, to retain and preserve rough notes taken as a part of their investigation. The Government does not oppose the motion. Defendant Marcks's Motion to Retain Agents' Notes **(Doc. No. 25)** is **GRANTED** to the extent that agents retained such records while investigating Defendant. Disclosure of rough notes is not required by this Order.

6. **Defendant Marcks's Motion to Suppress Search and Seizure on June 21, 2019.** Defendant seeks an order suppressing any physical evidence obtained as a result of the search and seizure of a backpack belonging to Defendant because the search was conducted without a warrant, and no exception to the warrant requirement applied. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **September 24, 2020**, and the Government shall file its response by **October 8, 2020**. The Court will take Defendant Marcks's Motion to Suppress Search and Seizure on June 21, 2019 **(Doc. No. 26)** under advisement on **October 8, 2020**, and issue a **Report and**

**Recommendation** to the District Court.

       **7.**     **Defendant Wilde's Pretrial Motion for Discovery and Inspection.**

Defendant seeks an order, pursuant to Rules 12 and 16, requiring the Government to disclose or continue to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statements made by Defendant, and Defendant's prior record. In addition, Defendant asks for permission to inspect and/or copy certain objects, including photographs, which are material to the preparation of his defense or are intended for use by the Government in its case-in-chief, and the results of any physical or mental examinations, and of scientific tests or experiments. Defendant also requests a written summary of all testimony the Government intends to introduce pursuant to Federal Rules of Evidence 702, 703, or 705 The Government represents that it will comply with its obligations under the rules. The Government further observes that the identities of its experts have yet to be determined, and that additional forensic testing is still ongoing, and requests that the Court order that all Rule 16(a)(1)(F) and (G) disclosures be made no later than three weeks before trial. Defendants do not object.

      Defendant Wilde's Pretrial Motion for Discovery and Inspection **(Doc. No. 33)** is **GRANTED** to the extent that the motion conforms to the scope of Rule 16. All Rule 16(a)(1)(F) and (G) disclosures shall be made no later than three weeks before trial.

       **8.**     **Defendant Wilde's Motion for Early Disclosure of Jencks Act Material.**

Defendant moves for an order requiring the Government's early compliance with the Jencks Act, specifically requesting disclosure at least one week prior to trial. The

Government objects to this motion but represents that it will nevertheless disclose Jencks Act material no later than three business days prior to trail so long as Defendants agree to do the same. The Jencks Act generally provides that the Government may not be compelled to disclose witness statements and reports prior to presentation of the witness' testimony at trial. Because the statute plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Wilde's Motion for Early Disclosure of Jencks Act Material. **(Doc. No. 34)** is **DENIED**. *See* 18 U.S.C. § 3500(a). However, nothing in this Order precludes the Government from making Jencks Act material available to Defendant three days prior to trial, as it has represented it will.

9.     **Defendant Wilde's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government agrees to provide any exculpatory information as it comes to light, to the extent required by *Brady*, *Giglio*, and their progeny.

Defendant Wilde's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 35)** is **GRANTED** to the extent that the Government must continue to comply with its disclosure obligations under *Brady*, *Giglio*,

and their progeny. Within 10 days of the date of this order the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order, and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

10. **Defendant Wilde's Pretrial Motion for Disclosure of Rule 404 Evidence.** Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than three weeks prior to trial, to the extent it has not already been disclosed. Defendant Wilde's Pretrial Motion for Disclosure of Rule 404 Evidence **(Doc. No. 36)** is **GRANTED** to the extent that the Government must disclose any evidence subject to Fed. R. Evid. 404(b) at least three weeks before trial.

11. **Defendant Wilde's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring any agent, including any confidential reliable informant, to retain and preserve rough notes taken as a part of their investigation. The Government does not oppose the motion. Defendant Wilde's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 37)** is **GRANTED** to the extent that agents retained such records while investigating Defendant. Disclosure of rough notes is not required by this Order.

12. **Defendant Wilde's Motion to Suppress Evidence Obtained as a Result of a Search and Seizure.** Defendant seeks an order suppressing any physical evidence

7

obtained as a result of the search and seizure of cellular phone records relating to a phone number ending in -5139 because the search warrant lacked a sufficient showing of probable cause in the supporting affidavit. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file her post-hearing brief no later than **September 24, 2020**, and the Government shall file its response by **October 8, 2020**. The Court will take Defendant Wilde's Motion to Suppress Evidence Obtained as a Result of a Search and Seizure **(Doc. No. 38)** under advisement on **October 8, 2020**, and issue a Report and Recommendation to the District Court.

13. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Michael J. Davis.

Date: September 1, 2020

                                                    *s/ Becky R. Thorson*
                                                    BECKY R. THORSON
                                                    United States Magistrate Judge