UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

vs.                                            ORDER
                                                Civ. No. 19-340 (MJD/BRT)

Dawn Marie Marcks (01),
Stephany Marie Wilde (02),

    Defendants.

---

    Nathan H. Nelson, Assistant United States Attorney, Counsel for Plaintiff.

    Aaron J. Morrison, Wold Morrison Law,  Counsel for Defendant Dawn Marie Marcks.

    Lisa M. Lopez, Assistant Federal Defender, Counsel for Defendant Stephany Wilde.

---

    This matter is before the Court on the Report and Recommendation by United States Magistrate Judge Becky R. Thorson dated November 9, 2020. (Doc. No. 72).  Defendant Marcks and the government have filed objections to the Report and Recommendation.  Defendant Wilde did not object to the Report and Recommendation.

    Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, and in

1

consideration of the applicable law, the Court will adopt the Report and Recommendation in its entirety.

For a full recitation of the facts, the Court refers to the Report and Recommendation.  Briefly, Defendant's motion to suppress is premised on the roadside search of a bag found by Detective Retterath of the Austin Police Department.  Detective Retterath testified that as he was driving to work on June 21, 2019 after his lunch break, he noticed a bag lying in the road.  He stopped his car and retrieved the bag, and briefly waited to see if anyone returned for the bag.  When no one came looking for the bag, he decided to search the bag to determine its owner.  In this regard he found two cell phones in the front pocket and briefly opened one phone that was not locked to look at the call logs to determine its owner.  He also noted the contacts in the phone, which included a "Jake Wilde" who he testified was a common name in law enforcement.  (R&R at 2.)  Detective Retterath then looked inside the bag and found a wallet that included Defendant's drivers license.  (Id. at 3.)  Although it appeared he had located the owner of the bag, he continued his search and opened a coin purse, in which he found a small bag of methamphetamine.  (Id. at 3-4.)  Detective Retterath then radioed the Mower County Sheriff's Office as the bag was found

within the county's jurisdiction, not the city of Austin.  (Id.)  The bag was turned over and logged into evidence by the Mower County Sheriff's Department.  (Id.)

After receiving the bag, Mower County Detective Hemann sought and obtained a search warrant for the cell phones as he did not believe there was sufficient evidence to charge Defendant with a possession charge.  After receiving the warrant, Detective Hemann conducted an examination of the unlocked cell phone and found text messages that appeared to involve drug sales.  (Id. at 5.)  One such text message referred to person named "State Farm" and that he liked the "QP", which refers to a quarter pound in relation to drugs. (Id.)

Thereafter, Detective Hemann received an unsolicited phone call in July 2019 from the Iowa Division of Narcotics Enforcement ("DNE") informing him that they had interviewed the target of a search warrant nicknamed "State Farm" who indicated that he bought drugs from co-defendant Wilde, and that Wilde's source was Defendant.  (Id. at 5.)  DNE then conducted a controlled buy with co-defendant Wilde.  (Id.)

In August 2019, Detective Hemann received a phone call from a probation officer, who had a probationer ("CI") that wanted to provide law enforcement

information about drug dealing.  (Id. at 6.)  Ultimately, information provided by this CI was corroborated by law enforcement and surveillance of Defendant's home.  Based on the above information, Detective Hemann obtained a search warrant for Defendant's home.  (Id. at 7.)

Defendant brought a motion to suppress all evidence obtained as a result of illegal searches, starting with the search of Defendant's bag by Detective Retterath.  The Magistrate Judge has recommended the motion to suppress be denied, as the evidence seized from the bag should not be excluded.  The Magistrate Judge found that although the roadside search exceeded the permissible scope of a search under the caretaking exception to a warrant requirement, the evidence should not be suppressed as it fell under the inevitable discovery exception to the warrant requirement.

Defendant asserts the Magistrate Judge erred in finding her motion to suppress should be denied based on the inevitable discovery exception.  Defendant argues that the inevitable discovery exception applies where: 1) "there was a reasonable probability that the evidence would have been discovered by lawful means in the absence of police misconduct, and 2) that the government was actively pursuing a substantial, alternative line of investigation at the time of

4

the constitutional violation." United States v. McManaman, 673 F.3d 841, 846 (8th Cir. 2012). Defendant concedes that the first prong is met in this case, but that the Magistrate Judge did not specify what evidence establishes that Detective Retterath was actively pursuing a substantial, alternative line of investigation at the time he searched her bag.

When applying the inevitable discovery exception, "'it is important to focus not on what the officers actually did after ... recovering evidence, but on what the officers were reasonably likely to have done had the ... recovery not occurred.'" McManaman, 673 F.3d at 846 (quoting United States v. Villalba–Alvarado, 345 F.3d 1007, 1020 (8th Cir. 2003). Here, the evidence presented at the motions hearing shows that the bag would have been turned over to law enforcement and held pursuant to the policies for found property, which included an inventory search. The evidence further demonstrates that the alternative line of investigation conducted by Detective Retterath when searching the contents of the bag was to determine the owner of the bag. Accordingly, the Court finds no error by the Magistrate Judge as to the application of the inevitable discovery exception to the warrant requirement.

Defendant also objects to the Magistrate Judge's conclusion that even if the evidence from the search of the bag were suppressed, the search warrant of her home was justified based on information independent of the evidence derived from Defendant's bag. Here, Detective Hemann obtained information from a CI. Defendant argues that the CI did not have a track record of supplying information to law enforcement, and that the corroborating evidence only identified the co-defendant in this case. The Court finds, however, that the record does not support this objection.

As noted in the Report and Recommendation, the CI had independently contacted Detective Hemann from the Mower County Sheriff's Department and correctly identified Defendant's address and the make and model of her car. (R&R at 19-20.) The CI further told Hemann that Defendant had a friend named Stephany Wilde, who sold methamphetamine for Defendant, including to a person in Iowa named "State Farm." (Gov't Ex. 4 at 5 (Search Warrant Affidavit).) Iowa law enforcement had previously informed Detective Hemann that a person named "State Farm" told them that he purchased drugs from co-defendant Wilde and a person named "Diane" in Minnesota. (Id. at 20.) The CI further told Hemann that Defendant had left for California about 4 or 5 days ago,

6

and that she would be returning soon. (Id.) Law enforcement surveillance at Defendant's home at the time confirmed that Defendant's car was not parked in the driveway. (Id.) The search warrant was applied for when Defendant's car was again observed at her home. (Id.) Based on the above, the Court agrees that the search warrant for Defendant's home was based on probable cause even if the Court did not consider the evidence found in Defendant's bag. Accordingly, this objection is overruled.

Finally, Defendant objects to the Magistrate Judge's finding that even if the evidence from the illegal search of the bag is excluded, her post-Miranda statements should not be suppressed. The Magistrate Judge found that Defendant's statements should not be suppressed because the statements were voluntary. To make this determination, the Magistrate Judge considered the temporal proximity of the illegal search and the statements made, whether there were intervening circumstances and the purpose and flagrancy of the official misconduct. (R&R at 20 (quoting United States v. Lakoskey, 462 F.3d 965, 975 (8th Cir. 2006)).) The Magistrate Judge found these factors all weighed in favor of finding the statements were voluntary; they were given after receiving a valid Miranda warning, the statements were given two months after the search of

Defendant's bag, the intervening circumstances included the interview was conducted by an officer other than the one that conducted the allegedly illegal search of the bag and a lack of evidence the search of the bag was purposeful or flagrant misconduct. (R&R at 21.) The Court finds no error in the Magistrate Judge's application of the law to the facts of this case.

The government also objects to the Report and Recommendation's finding that the roadside search of the bag exceeded the permissible scope of the caretaking function when he looked at the unlocked cell phone and opened the coin purse where methamphetamine was found. Based on the evidence presented, the Magistrate Judge correctly analyzed the search under the caretaking function and correctly determined accessing the unlocked cell phone and opening the coin purse were not consistent with a search to determine the owner of the bag. Based on the applicable law and the facts presented, the Court will overrule the government's objection.

**IT IS ORDERED**:

1. The Report and Recommendation dated November 9, 2020 [Doc. No. 72] is **ADOPTED**;

2. Defendant's Motion to Suppress Search and Seizure [Docket No. 26] is **DENIED**; and

3. Defendant Stephany Wilde's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 38] is **DENIED**.

DATED:  December 15, 2020				s/ Michael J. Davis
						Michael J. Davis
						United States District Court